IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
EASTERN DIVISION

FILED
03 APR 25  AM 11:23

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **CURTIS HEARD, JR.** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) CV-03-PT-0961-E |
| **vs.** | ) **CIVIL ACTION NO.: CV-_____** |
| | ) |
| **GAINEY TRANSPORTATION SERVICES,** | ) |
| **INC., and CECIL B. HALL, et al,** | ) **Removed from the Cleburne County** |
| | ) **Circuit Court - CV-2003-29** |
| **DEFENDANTS.** | ) |

---

## NOTICE OF REMOVAL

---

COMES NOW the Defendant, Gainey Transportation Services, Inc., and files its Notice of

Removal and shows unto the Court as follows:

1.        Plaintiff filed this action in the Circuit Court of Cleburne County, Alabama, on or

about April 2, 2003, as Civil Action No.: CV 2003-29.  Defendant received no notice of this action

prior to service of the summons and complaint.  This Notice is filed in the United States District

Court for the Northern District of Alabama, Eastern Division, within the time allowed by law for the

removal of civil actions to a United States District Court.  The documents attached hereto as "Exhibit

1" constitute the entire court file for the civil action in the Circuit Court of Cleburne County,

Alabama.

2.        Defendant files this notice of removal with the Court pursuant to 28 U.S.C.

§§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. §

1332.  This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332.

This Notice of Removal is timely filed because it is submitted within thirty (30) days from the day any

defendant received a copy of, or otherwise received notice of, the Summons and Complaint in this action, as the Plaintiff served Defendant Gainey and Defendant Hall via certified mail on April 2, 2003. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

3.      Pursuant to 28 U.S.C. § 1446(d), Defendant shows that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cleburne County, Alabama. Further, Defendant represents to the Court that a copy of this notice of removal is also being served upon Counsel for Plaintiff.

4.      Complete diversity exists between the parties properly named and served in this action. Upon information and belief, Defendant asserts that Plaintiff, Curtis Heard, Jr., is a citizen and resident of the Clay County, Alabama. Defendant, Gainey Transportation Service, Inc., is a foreign corporation organized and existing under the laws of the State of Michigan, and its principal place of business is in Grand Rapids, Michigan. Thus, Gainey Transportation is not a citizen of the State of Alabama, but is a citizen of the State of Michigan for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Finally, Defendant Cecil B. Hall is, an adult individual and citizen of Kenonsville, North Carolina, thereby completing diversity of citizenship. Without waiver of any defenses or objections, including but not limited to, improper service of process, venue, and lack of personal jurisdiction, Defendant submits this Notice of Removal.

5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. Although Plaintiff's Complaint does not specifically plead an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), Defendant avers that the amount in controversy exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs. In the

Complaint, the Plaintiff alleges that:

> Cecil B. Hall, while acting within the line and scope of his duty as an
> agent, representative or employee of [D]efendant Gainey
> Transportation Services, Inc., . . . negligently or wantonly caused or
> allowed the 2002 tractor-trailer freight truck he was operating to
> collide with the rear of the motor vehicle which [P]laintiff was
> operating, thereby causing [P]lainitff to suffer severe injuries and
> damages and the destruction of his motor vehicle.

The Plaintiff's Complaint further avers that the Plaintiff suffered permanent injuries including, but not

limited to:

> a.  [B]ruises and contusions over his body;
> b.  injuries to his head, neck and back;
> c.  numbness and tingling in his arms, legs and feet;
> d.  weakness of his lower extremities and headaches;
> e.  tremendous pain, suffering and mental anguish and emotional
>     distress;
> f.  being required to undergo surgery on his back in January of
>     2003, and his physicians have stated he must have additional
>     surgery in the future;
> g.  being required to undergo pain and suffering in the future as a
>     result of these injuries, as well as to undergo medical treatment
>     and incur other expenses for medicine and physicians' fees and
>     hospital charges and/or rehabilitation services in the future, all
>     as a proximate result of these injuries.

Finally, the Plaintiff "demands judgment against the [D]efendants, jointly and severally, for

compensatory and punitive damages. . ."

6.      Under Alabama law, a successful claim asserting wantonness entitles a plaintiff to the

possible receipt of punitive damages.  Furthermore, "there is no fixed standard for the ascertainment

of compensatory damages for mental anguish.  A determination of how much to award is left up to

the sound discretion of the jury, subject only to the correction of the court for clear abuse or

passionate exercise." Duck Head Apparel Co., Inc., v. Hoots, 659 So. 2d 897 (Ala. 1995), *see also,*

Alabama Power Co. v. Harmon, 483 So. 2d 386 (Ala. 1986).

7.      In addition, the Alabama Court of Civil Appeals stated that:

# DONALD W. STEWART, P. C.

### ATTORNEY AT LAW

DONALD W. STEWART

1131 LEIGHTON AVENUE

ANNISTON, ALABAMA 36207

ANNISTON MAILING ADDRESS:
P. O. BOX 2274
ANNISTON, ALABAMA 36202-2274

TELEPHONE (256) 237-9311
FACSIMILE (256) 237-0713
E-MAIL: sands@hiwaay.net

April 1, 2003

Jerry Paul Owen, Esq.
Circuit Court Clerk
Seventh Judicial Circuit
Cleburne County Courthouse
120 Vickery Street - Room 202
Heflin, Alabama 36264

Re:   *Curtis Heard, Jr. v. Gainey Transportation, Inc., a*
      *Michigan Corporation, et al.*; In the Circuit Court
      of Cleburne County, Alabama

Dear Jerry:

I am enclosing the following documents in connection with the above-captioned case:

1.      The original and three (3) copies of the Complaint and Summons.

2.      Certified mail documents and envelopes (with postage affixed) which have been
        completed for each of the two defendants.

3.      Our check for $258.00 which includes the filing fee and jury demand fee.

Please file the original of the Complaint and Summons and serve the two (2) defendants
by certified mail.  Also, please date-stamp the extra copy and return it to me in the enclosed self-
addressed, stamped envelope.

Thank you for your assistance with this matter.

Sincerely yours,

DONALD W. STEWART

DWS:gsa
Enclosures

State of Alabama
Unified Judicial System

**COVER SHEET
CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Form ARCivP-93   Rev. 5/99

Case Number
CIV . 003 | | | | 39 · | |

Date of Filing:
0 4 | 0 1 | 2 0 0 3
Month     Day     Year

Judge Code:
| | | | |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____CLEBURNE_____, ALABAMA
*(Name of County)*

CURTIS HEARD, JR. _____ v. GAINEY TRANSPORTATION, INC., a Michigan Corp ,
et al.

Plaintiff                                     Defendant

First Plaintiff
[ ] Business    [XX] Individual
[ ] Government  [ ] Other

First Defendant
[XX] Business   [ ] Individual
[ ] Government  [ ] Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

[✓] WDEA - Wrongful Death
[k] TONG - Negligence: General
[X] TOMV - Negligence: Motor Vehicle
[X] TOWA - Wantonness
[ ] TOPL - Product Liability/AEMLD
[ ] TOMM - Malpractice-Medical
[ ] TOLM - Malpractice-Legal
[ ] TOOM - Malpractice-Other
[ ] TBFM - Fraud/Bad Faith/Misrepresentation
[✓] TOXX - Other: _____

**TORTS: PROPERTY INJURY**

[ ] TOPE - Personal Property
[ ] TORE - Real Property

**OTHER CIVIL FILINGS**

[ ] ABAN - Abandoned Automobile
[ ] ACCT - Account & Nonmortgage
[ ] APAA - Administrative Agency Appeal
[ ] ADPA - Administrative Procedure Act
[ ] ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

[ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
             Enforcement of Agency Subpoena/Petition to Preserve
[ ] CVRT - Civil Rights
[ ] COND - Condemnation/Eminent ...
[ ] CTMP - Contempt of C
[ ] CONT - Contract/Eject
[ ] TOCN - Conversion
[ ] EQND - Equity Non-Dar...           *Original*           unction
             Election Contes
[ ] CVUD - Eviction Appeal/...
[ ] FORJ - Foreign Judgmer
[ ] FORF - Fruits of Crime F...
[ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
[ ] PFAB - Protection From Abuse
[ ] FELA - Railroad/Seaman (FELA)
[ ] RPRO - Real Property
[ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
[ ] COMP - Workers' Compensation
[ ] CVXX - Miscellanous Circuit Civil Case

**ORIGIN** *(check one):*
[XX] INITIAL FILING
[ ] REMANDED
[A] APPEAL FROM DISTRICT COURT
[T] TRANSFERRED FROM OTHER CIRCUIT COURT
[O] OTHER: _____

**HAS JURY TRIAL BEEN DEMANDED?**  [X] YES  [ ] NO

Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  [XX] MONETARY AWARD REQUESTED    [ ] NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
S T E 0 4 5

Date: 4/1/03

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  [ ] YES  [ ] NO  [X] UNDECIDED

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CURTIS HEARD, JR.,** | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO _CV-03-29_ |

GAINEY TRANSPORTATION SERVICES, INC., a Michigan Corporation; CECIL B. HALL, an individual; No. 1, whether singular or plural, the driver of the motor vehicle which collided with the motor vehicle in which the plaintiff was a passenger and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with the motor vehicle in which the plaintiff was a passenger in the occurrence made the basis of this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which manufactured or distributed the motor vehicle(s), or any of the component parts thereof, involved in the occurrence made the basis of this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities whom or which were the lessor or lessee of the motor vehicle which collided with the motor vehicle in which the plaintiff was a passenger in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with the motor vehicle in which the plaintiff was a passenger was performing some type of service or employment duty at the time of the occurrence made the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit were being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals, who or which were responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 14, whether singular or plural, that entity or those entities who or which who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles, or any component part thereof or any attendant equipment used or available for use therewith, involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which

tested, inspected, approved, or issued any approval of any of the vehicles, or any component part thereof or any attendant equipment used or available for use therewith, involved in the occurrence made the basis of this lawsuit; No. 16, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training or hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage); No. 18, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 19, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 21, whether singular or plural, that entity or those entities other than those entities who or which provided fleet insurance to any of the owners or the drivers of the motor vehicle which collided with the motor vehicle in which the plaintiff was a passenger in the occurrence made the basis of this lawsuit; No. 22, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 23, whether singular or plural, the driver of any other motor vehicle whose negligence contributed to the collision made the basis of this lawsuit.  Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to plaintiff, or if their names are known to the plaintiff at this time, their identities as proper party defendants are not known to the plaintiff at the time, but their true names and identities will be submitted by amendment when ascertained,

Defendants.                           §

## COMPLAINT

1.     Plaintiff, CURTIS HEARD, JR., is an individual adult resident of Ashland, Clay County, Alabama.

2.     Defendant, GAINEY TRANSPORTATION Services, INC., is, upon information and belief, a Michigan corporation, also operating in Indiana and doing business by agent in Cleburne County, Alabama.

3.     Defendant, CECIL B. HALL, is, upon information and belief, an individual adult

2

resident of Kenonsville, North Carolina.

      4.      Defendant No. 1, whether singular or plural, is the driver of the motor vehicle which collided with plaintiffs' motor vehicle and whose negligence caused the plaintiffs' injuries on the occasion made the basis of this suit.

      5.      Defendant No. 2, whether singular or plural, is the owner of the motor vehicle which collided with plaintiffs' motor vehicle in the occurrence made the basis of this lawsuit.

      6.      Defendant No. 3, whether singular or plural, is that entity or those entities who or which afforded any insurance coverage to either the driver or owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit.

      7.      Defendant No. 4, whether singular or plural, is that entity or entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit.

      8.      Defendant No. 5, whether singular or plural, is that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit.

      9.      Defendant No. 6, whether singular or plural, is that entity or those entities who or which manufactured or distributed the motor vehicle(s), or any of the component parts thereof, involved in the occurrence made the basis of this lawsuit

      10.      Defendant No. 7, whether singular or plural, is that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit.

      11.      Defendant No. 8, whether singular or plural, is that entity or those entities whom or

which were the lessor or lessee of the motor vehicle which collided with the plaintiffs' motor vehicle in the occurrence made the basis of this lawsuit.

12.     Defendant No. 9, whether singular or plural, is that entity or those entities for whom the driver of the motor vehicle which collided with the plaintiffs' motor vehicle was performing some type of service or employment duty at the time of the occurrence made the basis of this lawsuit.

13.     Defendant No. 10, whether singular or plural, is that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence.

14.     Defendant No. 11, whether singular or plural, is that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit were being operated at the time of said occurrence.

15.     Defendant No. 12, whether singular or plural, is that entity or those entities, that individual or those individuals, who or which were responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit.

16.     Defendant No. 13, whether singular or plural, is that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit.

17.     Defendant No. 14, whether singular or plural, is that entity or those entities who or which who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles, or any component part thereof or any attendant equipment used or available for use therewith, involved in the occurrence made the basis of this lawsuit.

18.     Defendant No. 15, whether singular or plural, is that entity or those entities who or

4

which tested, inspected, approved, or issued any approval of any of the vehicles, or any component part thereof or any attendant equipment used or available for use therewith, involved in the occurrence made the basis of this lawsuit.

19.     Defendant No. 16, whether singular or plural, is that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training or hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit.

20.     Defendant No. 17, whether singular or plural, is that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiffs' injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage).

21.     Defendant No. 18, whether singular or plural, is that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein.

22.     Defendant No. 19, whether singular or plural, is that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit.

23.     Defendant No. 20, whether singular or plural, is that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above.

24.     Defendant No. 21, whether singular or plural, is that entity or those entities other than those entities who or which provided fleet insurance to any of the owners or the drivers of the motor

5

vehicle which collided with the plaintiffs' motor vehicle in the occurrence made the basis of this lawsuit.

25.     Defendant No. 22, whether singular or plural, is that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.

26.     Defendant No. 23, whether singular or plural, is the driver of any other motor vehicle whose negligence contributed to the collision made the basis of this lawsuit.

27.     On or about the 18th day of September, 2002, plaintiff was operating a 1979 Ford Thunderbird owned by him, traveling in an easterly direction on U. S. Interstate Highway 20, in Cleburne County, Alabama, at or near the Georgia State Line, milepost 213.10.  At said time and place, defendant Cecil B. Hall, while acting within the line and scope of his duty as an agent, representative, or employee of defendant Gainey Transportation Services, Inc., also traveling in an easterly direction on said highway, negligently or wantonly caused or allowed the 2002 tractor-trailer freight truck he was operating to collide with the rear of the motor vehicle which plaintiff was operating, thereby causing plaintiff to suffer severe injuries and damages and the destruction of his motor vehicle.  This negligence or wantonness was a proximate cause of the injuries and damages suffered by the plaintiff.

28.     At the time of the accident on September 18, 2002, defendant Cecil B. Hall was engaged in the regular course and scope of his employment for defendant Gainey Transportation Services, Inc., and defendant Gainey Transportation Services, Inc. is vicariously liable for the negligent or wanton acts of its agent or employee, Cecil B. Hall.

6

29.     At the time of the accident on September 18, 2002, and upon information and belief for some time prior thereto, defendant Gainey Transportation Services, Inc. was the employer of defendant Cecil B. Hall and, as such, had authority to supervise his hiring and training. Defendant Gainey Transportation Services, Inc. negligently or wantonly exercised or failed to exercise this supervisory control which proximately resulted in the injuries and damages to the plaintiff.

30.     At the time of the accident on September 18, 2002, and upon information and belief for some time prior thereto, defendant Gainey Transportation Services, Inc. controlled or owned the motor vehicle driven by defendant Cecil B. Hall. Defendant Gainey Transportation Services, Inc. negligently entrusted or loaned this vehicle to defendant Cecil B. Hall and is liable for this negligent entrustment which was a proximate cause of the injuries and damages to the plaintiff.

31.     At the time of the accident on September 18, 2002, and upon information and belief for some time prior thereto, defendant Cecil B. Hall controlled or owned the motor vehicle that he was driving at the time of the accident and is liable for the injuries and damages to the plaintiff.

32.     The negligence, wantonness, and/or wrongful conduct of each and every defendant combined or concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged.

33.     As a direct and proximate result and consequence of the wrongful, negligent or wanton conduct of the defendants, plaintiff Curtis Heard, Jr. was severely injured. Plaintiff Heard suffered permanent injuries including, but not limited to, the following:

        a.     bruises and contusions over his body;

        b.     injuries to his head, neck and back;

        c.     numbness and tingling in his arms, legs and feet;

d.      weakness of his lower extremities and headaches;

e.      tremendous pain, suffering and mental anguish and emotional distress;

f.      being required to undergo surgery on his back in January of 2003, and his physicians have stated he must have additional surgery in the future;

g.      being required to undergo pain and suffering in the future as a result of these injuries, as well as to undergo medical treatment and incur other expenses for medicine and physicians' fees and hospital charges and/or rehabilitation services in the future, all as a proximate result of these injuries.

34.     Plaintiff, as a proximate result of the negligent and wanton conduct of defendants, has been unable to return to work since the accident, and has been caused to lose wages and will continue in the future to be caused to lose wages.

35.     Plaintiff, as a proximate result of the negligent and wanton conduct of defendants, was caused to lose the consortium and society of the plaintiff's spouse, Shequetha Heard.

## DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages, in an amount as the jury may determine to adequately compensate the plaintiff for injuries, damages and suffering incurred as a result of the defendants' wrongful conduct, and for such punitive damages as the jury may determine to be appropriate.  Plaintiff further demands costs, interest and such other, further and more general relief to which he may be entitled under these premises.

8

## JURY DEMAND

Plaintiff demands a trial by struck jury of all the issues in this action.

_Donald W Stewart_
_____
DONALD W. STEWART (STE045)
Attorney for Plaintiff

OF COUNSEL:

DONALD W. STEWART, P.C.
P. O. Box 2274
Anniston, Alabama  36202
(256) 237-9311
(256) 237-0713 - Facsimile

DEFENDANTS' ADDRESSES:

**Gainey Transportation Services, Inc.**
c/o Harvey Gainey, Agent
6000 Clay Avenue, SW
Grand Rapids, Michigan   49548

**Cecil B. Hall**
104 Spicer Road
Kenonsville, North Carolina   28349

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL.

9

# SUMMONS
## - CIVIL -

Case Number

*CV-63-29*

IN THE _____**CIRCUIT**_____ COURT OF _____**CLEBURNE**_____ COUNTY

Plaintiff   CURTIS HEARD, JR.   v. Defendants GAINEY TRANSPORTATION
SERVICES, INC., a Michigan
Corporation, et al.

NOTICE TO GAINEY TRANSPORTATION SERVICES, INC., a Michigan Corporation, c/o
Harvey Gainey, Agent, 6000 Clay Avenue, SW, Grand Rapids, Michigan 49548

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE
THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN
THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY_____
___DONALD W. STEWART_____ WHOSE ADDRESS IS P. O. Box 2274, Anniston, Alabama
36202.                                                                          .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

_____ You are hereby commanded to serve this summons and a copy of the complaint in
this action upon the defendant.

__X__ Service by certified mail of this summons is initiated upon the written request of
___Plaintiff_____ pursuant to the Alabama Rules of Civil Procedure.

Date: *4-62-03*_____     _Jerry F. Owen_     By: _____

Clerk/Register

__X__ Certified Mail is hereby requested.   *Donald W. Stewart*

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_____ Return receipt of certified mail received in this office on_____
                                                                  (Date)
_____ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____.
                                                                  (Date)

_____          _____
Date                             Server's Signature

_____          _____
Address of Server                Type of Process Server

_____

# SUMMONS
## - CIVIL -

Case Number
CV-03-29

IN THE _____ **CIRCUIT** _____ COURT OF _____ **CLEBURNE** _____ COUNTY

Plaintiff   **CURTIS HEARD, JR.**   v. Defendants **GAINEY TRANSPORTATION SERVICES, INC., a Michigan Corporation, et al.**

NOTICE TO CECIL B. HALL, 104 Spicer Road, Kenonsville, North Carolina 28349

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY____ __DONALD W. STEWART_____ WHOSE ADDRESS IS P. O. Box 2274, Anniston, Alabama 36202.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

_____ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

__X__ Service by certified mail of this summons is initiated upon the written request of __Plaintiff_____ pursuant to the Alabama Rules of Civil Procedure.

Date: _4-02-03_____            _Jerry D. Owen_  By: ____
                                  Clerk/Register

__X__ Certified Mail is hereby requested.   _Donald W Stewart_____
                                  Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_____ Return receipt of certified mail received in this office on_____
                                              (Date)
_____ I certify that I personally delivered a copy of the Summons and Complaint to _____ _____ in _____ County, Alabama on _____.
                                              (Date)

_____        _____
Date                                Server's Signature

_____        _____
Address of Server                   Type of Process Server

_____

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. CV-03-29

1. Article Addressed to:

Gainey Transportation Services, Inc
c/o Harvey Gainey, Agent
6000 Clay Avenue, S.W.
Grand Rapids, Michigan
49548

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*   DAMON WADE
B. Date of Delivery   4/8/03

C. Signature   X _____   ☒ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

OFFICIAL AGENT

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☒ Yes

2. Article Number *(Copy from service label)*   7000 0520 0014 0532 2849

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. CV-03-29

1. Article Addressed to:

Cecil B. Hall
104 Spicer Road
Kenonsville, North Carolina
28349

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*   Judy Hall
B. Date of Delivery   4-5-03

C. Signature   X Judy Hall   ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☒ Yes

2. Article Number *(Copy from service label)*   7000 0520 0014 0532 2856

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952