IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
03 APR 25 AM 11: 23
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CURTIS HEARD, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. CV_____ | |
| | ) | |
| GAINEY TRANSPORTATION | ) | |
| SERVICES, INC., a Michigan | ) | |
| Corporation, and CECIL B. HALL; et al, | ) | CV-03-PT-0961-E |
| | ) | |
| Defendants. | ) | |

## ANSWER

COME NOW the Defendants, Gainey Transportation Services, Inc. and Cecil Hall, and in answer to Plaintiff's complaint, state as follows:

### I. SPECIFIC ALLEGATIONS

1. The Defendants admit the allegations in this paragraph.

2. The Defendants admit that Gainey Transportation Services, Inc. is a Michigan Corporation. However, other than its trucks occasionally passing through Cleburne County as a part of its operation, the Defendants deny that Gainey does business by agent in Cleburne County.

3. Defendants admit the allegations in this paragraph.

4. No response to this paragraph is required.

5. No response to this paragraph is required.

6. No response to this paragraph is required.

7. No response to this paragraph is required.

8. No response to this paragraph is required.

9. No response to this paragraph is required.

10. No response to this paragraph is required.

11. No response to this paragraph is required.

12. No response to this paragraph is required.

13. No response to this paragraph is required.

14. No response to this paragraph is required.

15. No response to this paragraph is required.

16. No response to this paragraph is required.

17. No response to this paragraph is required.

18. No response to this paragraph is required.

19. No response to this paragraph is required.

20. No response to this paragraph is required.

21. No response to this paragraph is required.

22. No response to this paragraph is required.

23. No response to this paragraph is required.

24. No response to this paragraph is required.

25. No response to this paragraph is required.

26. No response to this paragraph is required.

27. The Defendants admit the allegations in the first sentence of this paragraph. However, in all other respects, the material averments in this paragraph are denied and the Defendants demand strict proof thereof.

28. The Defendants admit that Cecil Hall was engaged in the scope of his employment

with Defendant Gainey on September 18, 2002. However, all other material averments in this paragraph are denied and the Defendants demand strict proof thereof.

29. The Defendants admit that Gainey Transportation was the employer of Cecil B. Hall. All other material averments in this paragraph are denied and the Defendants demand strict proof thereof.

30. The Defendants admit that Gainey Transportation Services owns the motor vehicle driven by Cecil Hall. However, all other material averments in this paragraph are denied and the Defendants demand strict proof thereof.

31. The Defendants admit that Cecil Hall was operating the motor vehicle involved in the subject accident on September 18, 2002. All other material averments in this paragraph are denied and the Defendants demand strict proof thereof.

32. The Defendants deny the material averments of this paragraph and demand strict proof thereof.

33. The Defendants deny the material averments of this paragraph and demand strict proof thereof.

34. The Defendants deny the material averments of this paragraph and demand strict proof thereof.

35. The Defendants deny the material averments of this paragraph and demand strict proof thereof.

The Defendants further deny that the Plaintiff's are entitled to the relief requested in the *ad damnum* clause of the Complaint.

## II. AFFIRMATIVE DEFENSES

In addition to the matters stated above, the Defendants also assert the following affirmative defenses.

### FIRST DEFENSE

The complaint fails to state a claim against one or more of the Defendants upon which relief can be granted.

### SECOND DEFENSE

The Defendants plead the general issue.

### THIRD DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### FOURTH DEFENSE

The Defendants plead the contributory negligence of the Plaintiff.

### FIFTH DEFENSE

Any damages suffered by the Plaintiff were proximately caused by the tortious acts or omissions of a third party over whom one or more of the Defendants has no control.

### SIXTH DEFENSE

The Defendants plead the failure of the Plaintiff to mitigate his damages.

### SEVENTH DEFENSE

The Defendants plead the applicable statute of limitations.

### EIGHTH DEFENSE

Some or all of the Plaintiff's claims are partially or completely barred because he voluntarily assumed a known risk.

### NINTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

### TENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates the Defendants' rights to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### ELEVENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United States of America.

### TWELFTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to any legitimate government concerns or interests.

### THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive

damages are vague and are not rationally related to legitimate government concerns or interests.

### FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, the Defendants are entitled to the same procedural safeguards afforded to criminal defendants.

### FIFTEENTH DEFENSE

It is violative of the Self Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose upon the Defendants punitive damages, which are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

### SIXTEENTH DEFENSE

It is violative of the Self Incrimination Clause of Article I, § 6 of the Constitution of the State of Alabama to impose against the Defendants punitive damages, which are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

### SEVENTEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose against the Defendants punitive damages, which are penal in nature, by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**EIGHTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

**NINETEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**TWENTIETH DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for an unlimited punitive damage award has a substantial chilling effect on the exercise of fundamental rights to ordered liberty and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the Alabama and United States Constitution's provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury  may award punitive damages against multiple Defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint tort-feasors; (5) by failing to

provide sufficiently clear, objective and specific standards for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of amendments of V and XIV of the United States Constitution and deprives the Defendants of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTY-SECOND DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which shall not exceed three times the compensatory damages or $500,000, whichever is greater.

## TWENTY-THIRD DEFENSE

The Defendants plead improper venue.

\

_____
Brett A. Ross (ROS-024)

_____
Chadwick S. Godwin (GOD-012)

Attorneys for Defendants

**OF COUNSEL:**

CARR, ALLISON, PUGH, HOWARD,
    OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following via U.S. mail, postage prepaid and properly addressed on this the 25 day of April, 2003:

Donald W. Stewart
P. O. Box 2274
Anniston, Alabama 36202

_____
Of Counsel